UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAYMOND S. HARVEY** | **:** | **CIVIL ACTION NO. 21-cv-401** |
| **VERSUS** | **:** | **JUDGE TERRY A. DOUGHTY** |
| **PRELOAD, LLC** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss for Failure to State a Claim filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, by defendant Preload, LLC ("Preload"). Doc. 7. The motion is opposed by plaintiff Raymond S. Harvey ("Harvey"). Doc. 9. Preload responded to the response [doc. 10] and the matter is now ripe for determination.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court. For the reasons stated herein**, IT IS RECOMMENDED** that the defendant's motion be **GRANTED.**

I.
BACKGROUND

Harvey sued Preload in state court claiming damages sustained by him in an accident that occurred while he was in the course and scope of his employment with Preload. *See generally* doc. 1, att. 2, pp. 2-5. Harvey alleges that the accident was caused by negligence of Preload in several particulars, including by "intentionally requiring its employees to work on unsafe scaffolding knowing that injuries were substantially certain to occur . . . ." *Id.* at p. 4, ¶ 9(h). Preload removed the matter to this court [doc. 1] then filed the instant motion. Doc. 7.

Preload seeks dismissal of plaintiff's claim as plaintiff admits in his petition that he was an employee of Preload at the time of the accident thus, according to Preload, Harvey's exclusive remedy against it is pursuant to the Louisiana Workers Compensation Act, La. R.S. 23:1032, *et seq*. *See generally* doc. 7, att. 1. Harvey maintains the motion should be denied as he has plead facts sufficient to have his complaint fall under the exception of the exclusivity provision, namely the employer's "intentional act" as set forth in Section 1032(B) of the statute.

## II.
### RULE 12(b)(6) STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Additionally, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Iqbal,* 129 S.Ct. at 1949 (2009).

## III.
### APPLICATION OF THE RULE 12 (b)(6) STANDARD TO PLAINTIFF'S STATED CAUSE OF ACTION

Under the Louisiana Workers Compensation Act, workers compensation is the exclusive remedy for employees injured on the job. La. Rev. Stat. § 23:1032(A)(1)(a). Because he was an employee of the defendant (and admitted as much in his complaint), Harvey's sole remedy against Preload would be under the LWCA. However, the exception to the exclusivity of the LWCA is when the injury is proximately caused by the employer's intentional act. *Id*. at § 1032(B).

"Intentional act" for the purposes of 23:1032 means the same as "intentional tort" in reference to civil liability. *Bazley v. Tortorich*, 397 So.2d 475, 480 (La. 1981)). Accordingly, the employer must have either "consciously desired the physical result of his act, whatever the likelihood of that result happening from his conduct" or "known that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Id*.

Harvey evidently attempts to assert that the intentional tort exception applies because Preload "intentionally require[ed] its employees to work on unsafe scaffolding knowing that injuries were substantially certain to occur . . . ." Doc. 1, att. 2, p. 4, ¶ 9(h). Plaintiff's injuries were allegedly sustained when the scaffold he was working on collapsed, causing him to fall approximately 40 feet to the concrete floor below. *Id*. at ¶ 6. Plaintiff makes the following allegations regarding Preload's actions.

Prior to each work shift, Preload was required to inspect the scaffolding, scaffolding components and backup scaffolding for visible defects and to ensure the scaffolding was constructed properly. Doc. 1, att. 2, p. 2, ¶ 4. Prior to or on October 5, 2020, Preload performed an inspection and deemed the scaffolding unsafe, so it was marked with a "Red Tag." *Id*. Plaintiff alleges that Preload knew the scaffold was constructed defectively (*i.e*. without outriggers and tie-

offs for safety harnesses) and that despite this knowledge, Preload instructed Harvey along with other co-workers to use the scaffolding because the project was behind, and they were rushing to complete the job. *Id.* The complaint further alleges that Preload violated OSHA and ANSI standards. *Id*. at ¶ 9

Even accepting these allegations as true, "[b]elieving that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." *Reeves v. Structural Preservation Systems*, 731 So.2d 208, 212 (La.1999). "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character." *Id*. at 211.

To the extent that Harvey's complaint attempts to allege that Preload intentionally caused his injuries, it fails to allege facts to show that Preload knew that the injuries were substantially certain to follow. *See Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 263 (5th Cir. 2014). Harvey fails to include any allegations of fact that would lead to a conclusion that Preload was culpable for an intentional tort; consequently, there is no basis for invoking the exception to the exclusivity rule. Louisiana courts have routinely held that knowledge of a dangerous procedure or machinery or even a high likelihood that someone will eventually be injured might be considered gross negligence but is not sufficient to constitute an intentional tort and thereby overcome the exclusivity of workers' compensation. *Reeves,* 731 So. 2d at 221; *see also Batiste v.*

*Bayou Steel Corp.*, 45 So. 3d 167, 169 (La. 2010). Therefore, even accepting Harvey's allegations as true, he has failed to state a claim against Preload.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's Motion to Dismiss [doc. 7] be **GRANTED** and that Harvey's claims against Preload, LLC be **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 24th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE