UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **RAYMOND S. HARVEY** | **CIVIL ACTION NO. 2:21-CV-00401** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PRELOAD, LLC** | **MAG. JUDGE KATHLEEN KAY** |

RULING

Pending here is a Motion to Dismiss for failure to state a claim filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, by Defendant Preload, LLC ("Preload") [Doc. No. 7].

On January 24, 2022, the Magistrate Judge issued a Report and Recommendation recommending that Defendant's motion be granted [Doc. No. 12].

On February 7, 2022, Plaintiff Raymond S. Harvey ("Harvey") filed an objection to the Report and Recommendation [Doc. No. 14]. On February 15, 2022, Preload filed a response to the objection [Doc. No. 16].

Having conducted a *de novo* review of the record in this matter, the Court DECLINES TO ADOPT the Report and Recommendation. Preload's Motion to Dismiss [Doc. No. 7] is DENIED.

I. **FACTUAL BACKGROUND**

In his Petition for Damages [Doc. No. 1-2] Harvey alleges that on October 5, 2020, he was employed by Preload as a painter at a water treatment plant in Lake Charles, Louisiana. His task for the day required him to use scaffolding constructed, maintained, and inspected by Preload.

Prior to each work shift, Preload was required to inspect the scaffolding and scaffolding components for visible defects. Preload was required to make sure the scaffolding was constructed properly, along with backup scaffolding. Preload performed an inspection prior to or on October 5, 2020, and the scaffolding was marked with a "Red Tag" which deems the scaffold unsafe. Further, Preload knew the scaffold was constructed without outriggers and tie-offs for safety harnesses. However, despite this knowledge, Preload instructed Harvey, along with his co-workers, to use the scaffolding that was marked with a "Red Tag." Preload instructed Harvey and his co-workers to use the scaffold and to do their job, as the project was behind, and they were rushing to complete the job.

Harvey relied upon the scaffolding inspection performed by Preload and the instructions given by his employer to use the scaffold for work.

Harvey was on the scaffolding at approximately 8:00 a.m. when he and his crew started the job. His job was to apply sealant to the side of the structure/tank. While he and his co-workers were five (5) stories high on a six (6) story scaffold, two (2) co-workers on the ground began to move the scaffolding so they could work on the next section. As the scaffolding was being moved, it collapsed. Harvey, along with several other co-workers fell about forty feet to the concrete floor. The collapsed scaffold resulted in serious injuries to Harvey and others, including the death of one of his co-workers.

As a result of his fall, Harvey alleges that he suffered serious injuries, including significant spinal and orthopedic injuries. Harvey also alleges that he witnessed the death of his roommate, co-worker, and friend and suffers from mental anguish because he feared he was going to die as well.

On January 25, 2021, Harvey filed suit against Preload in the 14th Judicial District Court, Calcasieu Parish, Louisiana.  On February 17, 2021, Preload removed the suit to this Court.

Harvey alleges that the accident involving the collapsed scaffold was caused by the intentional acts of Preload within the meaning of La. R.S. 23:1032(B), in that Preload knew that the resulting injuries were substantially certain to occur as a result of Preload requiring the employees to use the unsafe scaffold.

On March 8, 2021, Preload filed the pending Motion to Dismiss for Failure to State a Claim [Doc. No. 7].  Preload seeks dismissal of all of Harvey's claims against it on the grounds that his exclusive remedy against Preload is in workers' compensation, unless the injuries were the result of his employer's intentional act.  Preload asserts that Harvey's allegations are insufficient to state an intentional act as a matter of law.

On January 24, 2022, the Magistrate Judge issued a Report and Recommendation which recommended granting Preload's Motion to Dismiss.  The Magistrate Judge found that, to the extent that Harvey's complaint attempts to allege that Preload intentionally cause his injuries it fails to allege facts to show that Preload knew that the injuries were substantially certain to follow.   Since Harvey fails to include any allegations of fact that would lead to a conclusion that Preload was culpable for an intentional tort, the Magistrate Judge concluded that there is no basis for invoking the exception to the exclusivity rule.

Harvey timely filed an objection to the Report and Recommendation.  He asserts first that a separate survival suit was filed against Preload by the deceased co-worker's biological father, Edilberto Caceres, which is currently pending before Judge James D. Cain, Jr. [Case No. 2:21-CV-03834]. Harvey states that the petition filed in the Caceres case contains identical allegations against Preload as he has made in this case.  Further, Preload filed an identical motion to dismiss

in the Caceres case. Judge Cain ruled first and issued a Memorandum Ruling denying Preload's Motion to Dismiss, finding that the allegations set forth in the Caceres petition sufficiently allege a claim upon which relief may be granted.

Harvey asserts that despite being faced with the identical question answered by Judge Cain, the Magistrate Judge in this case issued a recommendation to grant Preload's Rule 12(b)(6) motion. As a result, the Magistrate Judge's Report and Recommendation here recommends that this Court issue a ruling that is directly contrary to Judge Cain's prior ruling in the Caceres matter, which involves the exact same allegations and indistinguishable issues of law and fact. Harvey contends that this Court should decline to adopt the Magistrate Judge's Report and Recommendation in order to avoid inconsistent rulings.

Harvey additionally asserts that his Petition sufficiently alleges facts that, when accepted as true, establish that Preload knew that the incident and injuries were substantially certain to follow from Preload's conduct and decisions. He states that his allegations plausibly support a finding that the "substantially certain" exception applies to overcome the workers' compensation exclusion. Harvey concludes, therefore, that this Court should overrule the Magistrate Judge's Report and Recommendation, and judgment should be rendered denying Preload's Rule 12(b)(6) Motion.

Preload replies, respectfully, that Judge Cain's ruling is in error. Preload asserts further that Harvey has failed to plead facts which, if true, show Preload knew the scaffold collapse was inevitable; therefore, he has failed to plead Preload intended his injury.

The issues are fully briefed, and the Court is prepared to rule.

## II. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 72(3), this Court's review of the Report is *de novo*:

> *(3) Resolving Objections*. The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

With respect to the Report, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *See also Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983).

## III. LAW AND ANALYSIS

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

### B. Intentional Act

Under the Louisiana Workers Compensation Act, workers compensation is the exclusive remedy for employees injured on the job. La. Rev. Stat. § 23:1032(A)(1)(a). However, the exception to the exclusivity of the LWCA is when the injury is proximately caused by the employer's intentional act. Id. at § 1032(B).

"Intent" for the purposes of 23:1032, "[i]s that the person who acts either (1) consciously desires the physical result of this act whatever the likelihood of that result happening from his conduct, or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley v. Tortorich*, 397 So.2d 475, 481 (La. 1981). "Thus, intent has reference to the consequences of an act rather than to the act itself." Restatement (Second of Torts, American Law Institute § 8 (1965). "Intent is not, however, limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." Restatement (Second) of Torts, § 8A, Comment; W. Prosser, Law of Torts, § 8 (4th ed. 1971).

### C. Analysis

Here, Harvey relies on the second prong addressed in the *Bazley* case referenced above, namely the "substantially certain" exception. He contends that he has sufficiently alleged facts to show that Preload knew that the incident was substantially certain to follow from Preload's conduct and decisions.

Judge Cain concluded that Caceres sufficiently alleged conduct by Preload to show that the injury was substantially certain to follow. Judge Cain stated that Caceres had sufficiently alleged conditions and violations of safety standards concerning the subject scaffold, in addition

to Preload's concern or motivation for completing the particular job, to support the contention that there was a virtual certainty that the accident would occur.

The allegations relied on in Caceres by Judge Cain were that Preload (1) constructed the subject scaffold; (2) inspected the subject scaffold before the work began; (3) "Red-Tagged" the scaffold (marking it as unfit for any use) before the work began; (4) could see the scaffold was defective and still ordered the workers to use it; (5) knew the scaffold had no outriggers for stability and still ordered the workers to use it; (6) knew the scaffold had no tie-offs for safety harnesses and still ordered the workers to use it; (7) knew the scaffold was built six stories high, requiring employees to work at dangerous heights; (8) knew this red-tagged, defective, and unstable scaffold would be moved while workers were standing on the scaffold at dangerous heights; (9) knew serious injuries would result from a scaffold collapse; and (10) chose not to wait for a properly built scaffold because the project was running behind [Doc. No. 14-1].

These are virtually the identical allegations that Harvey has made. Although Preload contends these allegations are conclusory and insufficient to state an intentional act as a matter of law, this Court agrees with Judge Cain that these allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.

The Court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Griffith v. Modular Sec. Sys. Inc.*, No. 2:20-CV-00521, 2021 WL 246041 at *1-2 (W.D. La. Jan. 25, 2021). At this stage of the proceedings, after conducting a *de novo* review of the record, this Court must conclude that Harvey has satisfied the minimal standards to survive a motion to dismiss.

## IV. CONCLUSION

For the reasons set forth above, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge that Preload's Motion to Dismiss [Doc. No. 7] be granted. Accordingly,

**IT IS ORDERED** that Preload's Motion to Dismiss [Doc. No. 7] is **DENIED**.

Monroe, Louisiana, this 17th day of February 2022.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**