UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RAYMOND S. HARVEY** | **CIVIL ACTION NO. 2:21-CV-00401** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PRELOAD, LLC** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 26] filed by Defendant Preload, LLC ("Preload"). An Opposition [Doc. No. 33] was filed by Plaintiff Raymond S. Harvey ("Harvey") and a Reply [Doc. No. 34] was filed by Preload.

For the reasons set forth herein, Preload's Motion for Summary Judgment [Doc. No. 26] is **GRANTED.**

**I.    BACKGROUND**

Harvey, an employee of Preload, was injured when a scaffold he was working on fell over, causing Harvey to fall. A crew was using the scaffold to waterproof the inside of a water tank Preload was building for the City of Lake Charles, Louisiana.[1] The scaffold involved in the accident had been "red-tagged," (which meant "do not use") because the scaffold was not equipped with a backup base – a device used to increase the structure's stability – as required by the Occupational Safety and Health Administration ("OSHA") regulations.[2]

As the workers were pushing the rolling scaffold from one location to another, one of the scaffold wheels hit a hole in the tank floor, causing the scaffold to topple over.[3] Project Manager David Jeter ("Jeter") testified that due to other issues he was involved in, he did not inspect the

---

[1] [Doc. No. 26-3, Baker Deposition, p. 63]
[2] [Doc. No. 26-3, Jeter Deposition, pp. 56, 61, 98-100]
[3] [Doc. No. 26-4, Harvey deposition, p. 56]

scaffold or remember that the scaffold had been "red-tagged" prior to Harvey's use of the scaffold.[4] Similar rolling scaffolds without backup bases had been used on water tank jobs for decades by Preload without falling over. Additionally, this specific scaffold had been used on this Lake Charles job without the backup base and did not fall into a hole or topple over.[5]

Because Harvey was an employee of Preload at the time of the accident, La. R.S. 23:1032 precludes a tort suit by Harvey against his employer unless Harvey can show his injuries were the result of an intentional act on the part of Preload in accordance with la. R. S. 23:1032(B).

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,*

---

[4] [Doc. No. 26-3, Johns Deposition, pp. 111, 210, 224]
[5] [Id. at pp. 68, 277-78.]

283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**B.     Analysis**

Harvey alleges all of the actions or intentions on the part of Preload create a material issue of fact as to whether Preload knew Harvey's injury was "substantially certain to follow."[6] This Court disagrees. In order for Harvey to prove an intentional act, he must show Preload knew either that the scaffolding would tip over or that the scaffold wheel would hit a hole and topple over. That evidence is not present.

**C.     Intentional Act Workman's Compensation Exclusion**

The pertinent portion of La. R.S. 23:1032 states:

> **§ 1032 – Exclusiveness of rights and remedies: employer's liability to prosecution under other laws.**
> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

To show "intent" for purposes of the 23:1032(B) exception, the plaintiff must show that the defendant either consciously desired plaintiff's injury to occur or that defendant knew plaintiff's injury was "substantially certain to follow from defendants conducts." *Bazley v. Tortorich*, 397 So.2d 475, 481 (La. 1981).

---

[6] Harvey is not alleging Preload consciously desired Harvey's injury to occur.

State and federal cases describe a plaintiff's burden in availing himself of the intentional act exception as "exacting;" "narrow" and "extremely high." *See Rolls v. Packaging Corp.* 34 F. 4th 431, 441 (5th Cir. 2022). In light of this stringency, both state and federal courts agree there must be a substantial certainty that a party will suffer harm to prevail on a claim of intentional tort. Knowledge of a high degree of probability that the injury will occur is insufficient to establish that the employer was substantially certain the injury would occur so as to impute intent to him within the intentional tort exception to the Louisiana Worker's Compensation Act's exclusive remedy provision. *Id.*

Although Preload was aware the scaffold had been "red tagged" and did not have a backup base to stabilize it, Jeter, who had worked for Preload for over fifty years, and had served as a Project Manager for over thirty of those years, testified that Preload used similar rolling scaffolds without backup bases for decades. Jeter testified that none of the scaffolds had ever toppled over or fallen.[7] Additionally, Jeter testified that he was involved in other projects and had "forgotten" that the scaffold had been red tagged.[8] Jeter's testimony to this effect is uncontested.

There is even less evidence that Preload was aware the rolling scaffold would hit a hole, causing the scaffold to topple over. Jeter testified that the workers could have gone around the tank twenty times without issue, had they not hit that hole.[9] Harvey testified that he had never seen or heard of a rolling scaffold falling[10] and that the scaffold wheels were not intentionally pushed into the hole.[11] Additionally, Jose Alverez ("Alverez"), one of the workers moving the scaffold, characterized the incident as an accident.[12]

---

[7] [Doc. No. 26-3, Jeter Deposition, pp. 68, 277-78]
[8] [Id.]
[9] [Id. at pp. 270-271].
[10] [Doc. No. 26-4, Raymond Harvey Deposition, p. 36]
[11] [Id. at p. 56].
[12] [Dep. No. 26-10, Alvarez Deposition, p. 69].

Harvey sets forth many allegations of negligent actions and inactions on Preload's part.[13] However, the issue is not whether Preload was negligent, but whether Preload knew Harvey's injury was "substantially certain to follow." Harvey's allegations are arguments as to negligence, not an intentional act. Harvey has not met the narrow and difficult burden of proving the accident was caused by an intentional act. Therefore, Harvey's exclusive remedy is under Louisiana's Worker's Compensation Act and his tort claim against his employer, Preload, is barred.

### III. CONCLUSION

For the reasons set forth herein,

The Motion for Summary Judgment [Doc. No. 26] filed by Preload is **GRANTED**, and Harvey's claims against Preload in this proceeding are **DISMISSED WITH PREJUDICE**.

Monroe, Louisiana, this 1st day of February 2023.

                                        **TERRY A. DOUGHTY**
                                        **UNITED STATES DISTRICT JUDGE**

---

[13] "Error upon error;" bad decisions at every turn; Jeter sent his workers to use the scaffold without backup components; the hole was easy to see; etc.